UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH RAWLINS,

          Plaintiff,

v.

HENRY TAMBE,

          Defendant.

Case No. C19-0093-JCC-MAT

ORDER RE: MOTION FOR SUBPOENA AND DISCOVERY REQUEST

Plaintiff, a Skagit County inmate, proceeds pro se and *in forma pauperis* (IFP) in this civil rights action. Plaintiff filed a Motion for Issuance of Subpoena and Objection to Order Denying Appointment of Counsel (Dkt. 8), as well as a First Request for Production of Documents (Dkt. 9). Having considered these submissions, the Court finds and concludes as follows:

(1) Plaintiff's motion for issuance of a subpoena (Dkt. 8) is DENIED. The request for a subpoena is premature and appears unnecessary. The Court will issue an Order regarding pretrial preparations setting relevant pretrial scheduling dates, including a deadline for the completion of discovery, following the receipt of an answer to plaintiff's complaint from defendant. Plaintiff will, as a general matter, be able to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

ORDER - 1

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Should a subpoena on a third party prove necessary, plaintiff would be required to comply with all applicable rules and requirements. *See, e.g.,* Fed. R. Civ. P. 45(a)(1)-(4) (the party commanding production must request a subpoena from the clerk, complete it before service, and give all parties notice prior to service). Also, while a party proceeding IFP may be entitled to obtain service of a subpoena pursuant to 28 U.S.C. § 1915(d), that party still remains responsible, despite his or her IFP status, to pay all fees and costs associated with the subpoena. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). *See also United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).

(2) Plaintiff also filed a discovery request. (Dkt. 9.) However, in general, discovery should be conducted between the parties. A party should not seek judicial intervention unless the parties reach a disagreement they cannot resolve on their own. The Court will not hear a motion to compel discovery until the moving party has met and conferred with opposing counsel or made a good faith effort to do so. Fed. R. Civ. P. 37(a)(1); Local Civil Rule (LCR) 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The certification must list the date, manner, and participants to the conference." LCR 37(a)(1). A good faith effort to confer requires a face-to-face meeting or telephone conference. *Id*.

ORDER - 2

(3) Plaintiff, finally, indicated his desire to "enter an objection" to the ruling denying his motion for appointment of counsel so that he was not "deemed to have waived the issue." (Dkt. 8 at 2.) It is not clear whether plaintiff intended to simply note his disagreement with the Court's ruling, or to submit an objection pursuant to Rule 72 or a motion for reconsideration pursuant to LCR 7(h). Because plaintiff waited more than fourteen days after the Court's Order Denying the Motion for Appointment of Counsel (Dkt. 7), neither a Rule 72 objection submitted to the presiding district court judge, nor a motion for reconsideration would be timely. *See* Fed. R. Civ. P. 72 (a) and LCR 7(h)(2).

Moreover, even if plaintiff had timely sought reconsideration, such a motion would be properly denied. Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff fails to show manifest error or new facts or legal authority and would not, therefore, be entitled to relief.

(4) The Clerk is directed to send a copy of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 21st day of March, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER - 3