1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                AT SEATTLE

8    KEITH RAWLINS,

9                            Plaintiff,          Case No. C19-0093-JCC-MAT

10        v.
                                                 ORDER RE: PENDING MOTIONS
11   HENRY TAMBE,

12                          Defendant.

13

14        Plaintiff, an inmate at the Skagit County Community Justice Center, proceeds pro se and

15   *in forma pauperis* (IFP) in this civil rights action.  A number of motions are currently pending in

16   this matter.  (*See* Dkts. 14, 17, 20, 21, 27 & 29.)  The Court now considers the pending motions

17   and finds and concludes as follows:

18        (1)      Defendant filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure

19   12(b)(6) (Dkt. 14), seeking dismissal based on a failure to state a clam upon which relief can be

20   granted.  Plaintiff did not respond to the motion to dismiss (*see* Dkt. 19), but did file a Declaration

21   for Entry of Default (Dkt. 17 at 6-9) in which he seeks a default judgment based on defendant's

22   failure to answer the complaint.  Defendant opposed the request for entry of default, noting his

23   compliance with Rule 4(d) through the timely filing of a Waiver of Service (Dkt. 11) and his Rule

ORDER - 1

12(b) motion in lieu of an answer.  Plaintiff subsequently filed a Motion to Strike Defendant's Motion to Dismiss (Dkt. 20), contending he never received it.[1]  Defendant opposed the motion to strike (Dkt. 23), plaintiff filed an addendum asserting a records request shows he never received the motion to dismiss (Dkt. 26), defendant provided a declaration attesting to service (Dkt. 28), and plaintiff filed a Motion to Strike Defendant's Opposition to Plaintiff's Motion to Strike (Dkt. 29).  (*See also* Dkt. 32 (Answer to Defendant Tambe's Response to Plaintiff's Addendum).)  The Court addresses these motions and filings as set forth below.

        (a)      The Court DENIES plaintiff's Declaration for Entry of Default (Dkt. 17 at 6-9),[2] Motion to Strike Defendant's Motion to Dismiss (Dkt. 20), and Motion to Strike Defendant's Opposition (Dkt. 29).  Default is not appropriate given defendant's timely waiver of service and filing of a Rule 12(b) motion in lieu of an answer.  *See* Fed. R. Civ. P. 4(d)(3) (providing for additional time to answer following return of a waiver of service) and Fed. R. Civ. P. 12(b) (allowing for presentation of enumerated defenses by motion prior to a responsive pleading).  Nor does the Court find sufficient basis for striking the motion to dismiss based on the alleged failure to serve or any basis for striking defendant's opposition to the motion to strike.  The Court would, in other circumstances, find additional time for plaintiff to respond to the motion to dismiss warranted given his pro se status and

---

[1] Plaintiff also notes he did not receive a "Rand notice" from defendant, referring to the notice requirement in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).  (Dkt. 20 at 1.)  As set forth in the Order Directing Service (Dkt. 6 at 3-4), a defendant filing a motion to dismiss *based on a failure to exhaust* or a *motion for summary judgment* must concurrently serve a *Rand* notice so that a pro se prisoner plaintiff will have fair, timely, and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  Here, defendant's motion to dismiss for failure to state a claim on which relief can be granted did not necessitate the filing of a *Rand* notice.  *See generally Rand*, 154 F.3d at 957 ("While a complaint that is sought to be dismissed under Rule 12(b)(6) can usually be amended, . . . a grant of summary judgment is a final adjudication on the merits.") (citations omitted).

[2] This filing contains both a motion to appoint counsel (Dkt. 17 at 1-5) and the declaration seeking default (*id*. at 6-9), the former of which the Court separately addresses below.

ORDER - 2

the absence of clarity as to whether and/or when he received a copy of the motion. However, the Court finds it necessary to strike the pending motion to dismiss for unrelated reasons and without prejudice to re-filing.

(b)     In the motion to dismiss, defendant states plaintiff "is presumably a post-conviction prisoner" and asserts the failure to state a claim under the Eighth Amendment. (Dkt. 14 at 4.)   Defendant, in so doing, relies on the standard applied to a convicted prisoner's claim of deliberate indifference in medical treatment. (*See id*. at 4-6.)   However, it is not clear plaintiff was a convicted prisoner, and not a pretrial detainee, at the time of the events addressed in his complaint.   A review of state court filings shows, at least as of the date of this Order, plaintiff's trial relating to his most recent criminal case has not been completed.   *See* https://odysseyportal.courts.wa.gov/ODYPORTAL   (*Washington v. Rawlins*, Skagit County Cause No. 18-1-00304-29).   A different standard for addressing a claim of deliberate indifference in medical treatment would apply to a pretrial detainee. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122-25 (9th Cir. 2018) (courts now evaluate a pretrial detainee's Fourteenth Amendment claim alleging a violation of the right to adequate medical care under an objective deliberate indifference standard, not the subjective deliberate indifference standard applied to claims brought by a convicted prisoner under the Eighth Amendment).   Because the motion to dismiss may rely on an outdated standard, the Court finds a mere extension of time for plaintiff to submit a response inappropriate.

The Court herein STRIKES defendant's pending motion to dismiss (Dkt. 14). Assuming defendant continues to seek dismissal pursuant to Rule 12(b)(6), he shall, on or before **July 5, 2019**, submit a revised motion to dismiss for failure to state a claim.   The

ORDER - 3

motion must provide confirmation as to plaintiff's status at the time of the events in question and apply the corresponding standard to the claim of deliberate indifference. The noting of the motion, timeframe for filing a response and reply, and all other filing criteria shall be in accordance with the information previously set forth in the Order Directing Service (Dkt. 6) and all applicable local and federal civil rules. The Court will consider the revised motion in place of the previously filed motion to dismiss. The Court anticipates the proper service of the motion and plaintiff's timely submission of any opposition.

(2)     Plaintiff filed two Motions to Appoint Counsel. (Dkt. 17 at 1-5 & Dkt. 27.) The Court previously denied a motion requesting counsel and found no basis for granting relief in response to a document in which he sought to enter an objection to that ruling. (Dkts. 7 & 12.)

There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*.

Previously, the Court advised plaintiff the record in this case had not been sufficiently developed for the Court to determine either the likelihood of success on the merits or plaintiff's ability to articulate his claims pro se. In his current motions, plaintiff points to his incarceration and housing in administrative segregation, restrictions on his access to the law library, legal research and materials, writing supplies, evidence, and witnesses, the complex nature of his case, his pro se status and lack of legal expertise, and his repeated, unsuccessful efforts to obtain counsel as justifying an appointment of counsel in this case. While sympathetic, the Court notes the

ORDER - 4

difficulties outlined by plaintiff are attendant to all pro se prisoners litigating civil matters in this and other courts. The Court further, considering both the likelihood of success on the merits and plaintiff's ability to articulate his claims pro se, continues to find an absence of exceptional circumstances warranting the appointment of counsel. Accordingly, the Court DENIES plaintiff's second and third Motions for Appointment of Counsel. (Dkt. 17 at 1-5 & Dkt. 27.)

(3) The Court also takes this opportunity to address some other issues raised in plaintiff's filings. Plaintiff submitted an Ex Parte Motion for Clarification. (Dkt. 21.) Among other issues discussed in this document, plaintiff requests clarification as to whether General Order No. 09-16, addressing a discovery pilot project for prisoners, is still effective. The Court GRANTS plaintiff's request for clarification (Dkt. 21) and herein confirms the discovery pilot project is no longer in effect. *See* General Order No. 09-16 at 5 and Amended General Order No. 09-16 at 6 (policy effective December 1, 2016 through November 30, 2017). Plaintiff also submitted a letter requesting, *inter alia*, copies of Local Civil Rule 7 and of different complaints he has filed in this Court, as well as statute of limitations information as related to one of his other cases. (Dkt. 16.) The Court will provide plaintiff with a copy of the complaint he filed in the current matter, but does not provide litigants with copies of local rules and declines to address requests or legal questions regarding unrelated matters. Plaintiff should be able to access both the local rules and answer his question regarding statutes of limitations through the law library at his place of confinement.

(4) As stated above, the Court herein STRIKES the motion to dismiss (Dkt. 14) without prejudice to re-filing, GRANTS plaintiff's request for clarification (Dkt. 21), and DENIES plaintiff's second and third motions to appoint counsel (Dkt. 17 at 1-5 & Dkt. 27), request for default (Dkt. 17 at 6-9), and motions to strike (Dkts. 20 & 29). The Clerk is directed to send a

ORDER - 5

1    copy of this Order to the parties and to the Honorable John C. Coughenour.  The Clerk is further

2    directed to provide plaintiff with a copy of his complaint (Dkt. 4).

3         Dated this <u>13th</u> day of June, 2019.

                              Mary Alice Theiler
                              United States Magistrate Judge

ORDER - 6