UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEITH RAWLINS,

Plaintiff,

v.

HENRY TAMBE,

Defendant.

Case No. C19-0093-JCC-MAT

ORDER DENYING RECONSIDERATION

Plaintiff, an inmate at the Skagit County Community Justice Center, proceeds pro se and *in forma pauperis* (IFP) in this civil rights action. Plaintiff filed an "Appeal to Magistrate's Decision to Deny Recruitment of Counsel" (Dkt. 34), which is construed by the Court as a motion for reconsideration. The Court now considers that request and concludes as follows:

(1) In an Order dated June 13, 2019, the Court denied plaintiff's second and third motions requesting the appointment of counsel. (Dkt. 33 at 4-5.) Considering both the likelihood of success on the merits and plaintiff's ability to articulate his claims pro se, the Court found an absence of exceptional circumstances warranting the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court stated that, while sympathetic to the issues raised, the difficulties plaintiff described relating to his self-representation are attendant to

ORDER - 1

all pro se prisoners litigating civil matters in this and other courts. In seeking reconsideration, plaintiff reiterates and expands upon the circumstances described in his motion.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Civil Rule (LCR) 7(h)(1). Plaintiff fails to show manifest error or new facts or legal authority and is therefore not entitled to relief. In fact, the request for reconsideration and plaintiff's response to defendant's motion to dismiss (*see* Dkt. 37) further detract from a contention plaintiff is unable to articulate his claims pro se. (*Compare* Dkt. 34 ("Plaintiff is computer illiterate and unable to utilize the [jail kiosk system provided for accessing legal material]."), *with* Dkt. 37 at 2 ("Plaintiff has stacks of requests and grievances filed through the kiosk system at the jail during his past 15 months of incarceration[.]"))

Plaintiff also takes issue with the Court's consideration of his various requests for counsel, contending his second motion should have been viewed as a request for reconsideration and his third motion should have been directed to the assigned district judge. (Dkt. 34 at 10.) Plaintiff is advised that, while the undersigned considers documents construed as motions for reconsideration, he may file objections to the rulings of a magistrate judge on nondispositive matters. *See* Fed. R. Civ. P. 72 (a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous

or is contrary to law.")

(2) The Clerk is directed to send a copy of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 29th day of July, 2019.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER - 3