1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

KEITH RAWLINS,

9
                                          Plaintiff,                 CASE NO. C19-0093-JCC-MAT

10          v.

11   HENRY TAMBE,                                               REPORT AND RECOMMENDATION

12                                        Defendant,

13

14                      INTRODUCTION AND BACKGROUND

15          Plaintiff Keith Rawlins, who is currently incarcerated at Washington Corrections Center in

16   Shelton, Washington,  proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights

17   action.  He raises claims associated with his prior confinement as a pretrial detainee at Skagit

18   County Corrections Community Justice Center.  He alleges deliberate indifference to his serious

19   medical needs and retaliation, and names health services administrator (HSA) Henry Tambe as

20   defendant.  (Dkt. 4.)

21          In his complaint, plaintiff describes a variety of issues associated with his medical needs

22   and treatment after an assault by six other inmates.  He specifically alleges Tambe, in June 2018,

23   "attempted to administer a lethal dosage of antibiotics during a med pass."  (*Id*. at 4-6.)  Plaintiff

REPORT AND RECOMMENDATION
PAGE - 1

refused the antibiotics and "immediately filed a grievance and was taken to medical to speak [with] another provider who changed the prescription to something non-lethal." (*Id*.)   Plaintiff also alleges retaliation.   He contends Tambe, in July 2018, threatened him in writing to stop complaining about his continued medical issues or he "would be moved into another housing unit more suitable to [his] needs." (*Id*. at 5.)  Plaintiff avers an initial retaliatory transfer into "medical I.S.O.", followed by a transfer to "a different housing tank (N-Tank) filled [with] known sexual offenders." (*Id*.)

Defendant filed a Renewed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 35; *see also* Dkt. 39.)[1]  He requests dismissal of plaintiff's claims with prejudice and without leave to amend.  Plaintiff opposes the motion. (Dkt. 37.)[2]  The Court, having reviewed the renewed motion, all filings submitted in response and reply, and the remainder of the record, concludes the motion should be GRANTED in part and DENIED in part as set forth below.

## DISCUSSION

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

---

[1] The Court struck a prior motion to dismiss without prejudice to refiling because it did not apply the proper standard to a claim of deliberate indifference by a pretrial detainee. (Dkt. 33 at 3-4.)

[2] Plaintiff states that defendant failed to provide a "Rand notice" with the motion to dismiss, referring to the notice requirement in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (Dkt. 37 at 10.)  As the Court previously advised plaintiff (Dkt. 33 at 2, n.1) and as set forth in the Order Directing Service (Dkt. 6 at 3-4), a defendant filing a motion to dismiss *based on a failure to exhaust* or a motion for summary judgment must concurrently serve a *Rand* notice so that a pro se prisoner plaintiff will have fair, timely, and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  Here, defendant's renewed motion to dismiss for failure to state a claim on which relief can be granted did not necessitate the filing of a *Rand* notice.  *See generally Rand*, 154 F.3d at 957 ("While a complaint that is sought to be dismissed under Rule 12(b)(6) can usually be amended, . . . a grant of summary judgment is a final adjudication on the merits.") (citations omitted).

REPORT AND RECOMMENDATION
PAGE - 2

'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

As a general rule, the Court may not consider materials outside the pleadings in ruling on a motion to dismiss. *See* Fed. R. Civ. P. 12(d). The Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471. Further, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") A pro se complaint may be dismissed "'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

A.    <u>Section 1983 Standard</u>

Plaintiff raises a claim pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by

REPORT AND RECOMMENDATION
PAGE - 3

federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The causation element may be satisfied by demonstrating a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act the person was legally required to do that caused the alleged deprivation of a constitutional right. *Id.* (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

B.    Deliberate Indifference in Medical Care

Plaintiff alleges a violation of his constitutional rights associated with his medical care. Because he challenges conduct occurring during his confinement as a pretrial detainee, his rights derive from the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). While the Eighth Amendment proscribes cruel and unusual punishment for convicted inmates, the Due Process Clause proscribes any punishment of pretrial detainees. *See Redman v. County of San Diego*, 942 F.2d 1435, 1441 n.7 (9th Cir. 1991). *Accord Bell*, 441 U.S. at 535 ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.")

The Court applies a deliberate indifference standard in considering claims relating to medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010), *overruled in part on other grounds in Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831, 97 L. Ed. 2d 69 (2017). A prisoner or pretrial detainee must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. A serious

REPORT AND RECOMMENDATION
PAGE - 4

1    medical need exists if the failure to treat an inmate's condition "could result in further significant

2    injury or the 'unnecessary and wanton infliction of pain.'"  *Jett v. Penner*, 439 F.3d 1091, 1096

3    (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled*

4    *on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

5         The Court evaluates a pretrial detainee's Fourteenth Amendment claim alleging a violation

6    of the right to adequate medical care under an objective deliberate indifference standard.  *Gordon*

7    *v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citing *Castro*, 833 F.3d at 1070).[3]

8    A plaintiff must demonstrate: (1) the defendant made an intentional decision with respect to

9    conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial

10   risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk,

11   "even though a reasonable official in the circumstances would have appreciated the high degree of

12   risk involved – making the consequences of the defendant's conduct obvious;" and (4) by not

13   taking such measures, the defendant caused plaintiff injury.  *Id*. at 1125.

14        As to the third element, the defendant's conduct must be objectively unreasonable, which

15   turns on the facts and circumstances of each particular case.  *Id*.  A "'mere lack of due care'" does

16   not suffice to establish a constitutional violation.  *Id*. (quoting *Daniels v. Williams*, 474 U.S. 327,

17   330-31 (1986)).  *See also Estelle*, 429 U.S. at 105-06 (a constitutional violation is not established

18   by negligence or "an inadvertent failure to provide adequate medical care[.]"; "Medical

19   malpractice does not become a constitutional violation merely because the victim is a prisoner.")

20   A pretrial detainee "must 'prove more than negligence but less than subjective intent – something

21

22        [3] Previously, "all conditions of confinement claims, including claims for inadequate medical care,
     were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner
23   under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment."  *Gordon*, 888 F.3d at
     1122-23 (citing *Clouthier*, 591 F.3d at 1242-43).

REPORT AND RECOMMENDATION
PAGE - 5

akin to reckless disregard.'" *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071). Therefore, unlike a prisoner who must, under the Eighth Amendment, show a defendant knew of and disregarded an excessive risk to inmate health and safety, a pretrial detainee "'need not prove those subjective elements about the [defendant]'s actual awareness of the level of risk.'" *Id*. at 1125, n. 4 (quoting *Castro*, 833 F.3d at 1071).

The delay of or interference with medical treatment for a serious medical need can amount to deliberate indifference. *Jett*, 439 F.3d at 1096; *McGuckin*, 974 F.2d at 1059-60. However, the inmate must show the delay caused further injury. *Id*.

Plaintiff fails to state a medical deliberate indifference claim against Tambe. Plaintiff challenges as unconstitutional an "attempt" to administer a medication to which he is allergic. Even if it can be said the mere attempt to administer the medication was an intentional decision that put plaintiff at risk of suffering serious harm, it cannot be said Tambe failed to take reasonable measures to abate that risk and therefore caused plaintiff injury. Plaintiff concedes he did not take the medication and that he was provided with an appropriate substitute. He identifies no harm. Plaintiff takes issue with, at most, negligent conduct, which does not suffice to state a claim of medical deliberate indifference. Indeed, in responding to the motion to dismiss, plaintiff describes the attempt to administer the antibiotic as a "blatant mistake." (Dkt. 37 at 7.) Because plaintiff would not be entitled to relief under the facts as alleged, and because it is clear the deficiencies could not be corrected by amendment, this allegation is subject to dismissal with prejudice for failure to state a claim.

In his complaint, plaintiff discusses a variety of other issues associated with his medical needs and treatment. However, he does not allege Tambe's personal participation with those issues

REPORT AND RECOMMENDATION
PAGE - 6

1    or include any facts showing how Tambe caused or personally participated in causing the harm

2    alleged. His allegations are general and not associated with the named defendant.

3         In responding to the motion to dismiss, plaintiff seeks to tie at least some other allegations

4    to Tambe. (*See* Dkt. 37.) He states, for example, an eye procedure was "once again delayed and

5    denied by H.S.A. Tambe who is clearly in charge of making offsite appointments for medical

6    care[,]" and that Tambe's "intentional delays and denials in providing necessary medical care and

7    treatment are possible because he has full [discretion] over all medical request[s] and grievances

8    filed at the jail concerning medical and dental issues." (*Id*. at 7, 9.)

9         "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond

10   the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's

11   motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)

12   (emphasis in original). *See also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("When

13   reviewing a motion to dismiss, we 'consider only allegations contained in the pleadings, exhibits

14   attached to the complaint, and matters properly subject to judicial notice.'") (quoting *Swartz v.*

15   *KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam)). The Court therefore properly

16   disregards any new allegations in plaintiff's response in considering whether his claim is subject

17   to dismissal under Rule 12(b)(6). At the same time, when a plaintiff is pro se, the Court is "required

18   to explain the deficiencies" in a complaint and only dismiss with prejudice if it is "absolutely clear"

19   the deficiencies could not be cured by amendment. *Akhtar*, 698 F.3d at 1213. *See also Lucas v.*

20   *Dep't of Corrections*, 66 F.3d 245, 248-49 (9th Cir. 1995) ("unless it is absolutely clear that no

21   amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's

22   deficiencies and an opportunity to amend prior to dismissal of the action.") The Court may

23   consider "[f]acts raised for the first time in a plaintiff's opposition papers" when deciding whether

REPORT AND RECOMMENDATION
PAGE - 7

1    leave to amend is warranted or whether dismissal should be with or without prejudice.  *Broam v.*

2    *Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

3         Here, even considering the new information offered in plaintiff's response, there is little to

4    show Tambe's personal participation.  In fact, plaintiff's assertions could be read to suggest a

5    supervisory role on the part of Tambe.  Supervisory personnel may not be held liable for actions

6    of subordinates under a theory of vicarious liability.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

7    1989).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional

8    deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful

9    conduct and the constitutional violation.'"  *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012)

10   (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)), *overruled in part on other grounds*

11   *by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).  In other words, a supervisor will not

12   be liable for a constitutional violation committed by his or her subordinate unless the supervisor

13   directly participated in the violation or knew of the violation and failed to prevent it.  *Id.* (citing

14   *Taylor*, 880 F.2d at 1045).

15        It is not, however, absolutely clear plaintiff's complaint could not be cured by amendment.

16   Plaintiff proceeds pro se and the Court did not provide an opportunity to amend after advising him

17   of deficiencies in the pleading.  (*See* Dkts. 4 & 6.)  The Court should therefore afford plaintiff the

18   opportunity to submit an amended complaint with specific allegations of medical deliberate

19   indifference other than the claim regarding the attempted administration of an antibiotic.

20   C.   Retaliation

21        A retaliation claim requires an allegation of retaliation for the exercise of a constitutional

22   right and that the retaliatory action "does not advance legitimate penological goals, such as

23   preserving institutional order and discipline."  *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.

REPORT AND RECOMMENDATION
PAGE - 8

1994) (per curiam) (citing *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985)).  A viable claim of First Amendment retaliation contains five basic elements:  "'(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.'"  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

Plaintiff alleges Tambe threatened him with a transfer if he did not stop complaining about and grieving his medical issues.  He maintains he was subsequently transferred twice in retaliation for his continued complaints and grievances, first to medical isolation housing and subsequently to "N-Tank", where he was housed with known sexual offenders.  In his response to the motion to dismiss, he asserts the "portable kiosk in medical mysteriously stopped working so complaints could no longer be filed in I.S.O.[]" and that this was "done as punishment whether defendant H.S.A. Tambe had anything to do with it or not."  (Dkt. 37 at 5-6.)

Defendant asserts the absence of any facts showing an actual link between plaintiff's exercise of his constitutional rights and the alleged retaliatory actions.  He states he is not a member of the custody staff and has "limited authority to make decisions on inmate housing."  (Dkt. 35 at 7-8.)  Defendant denies the inclusion of any facts to show the housing transfers were not done in furtherance of legitimate penological interests.  He asserts not only an absence of facts to show plaintiff's speech was chilled or deterred, but also plaintiff's admission of continuing to complain and file grievances after the alleged retaliatory conduct.  Defendant denies any showing of his involvement with a kiosk allegedly interfering with plaintiff's ability to submit grievances.

The Court agrees plaintiff's complaint fails to set forth factual matter sufficient to support a claim of retaliation.  However, the Court is also unable to say it is absolutely clear the deficiencies

REPORT AND RECOMMENDATION
PAGE - 9

in plaintiff's complaint could not be cured by amendment. Considering plaintiff's pro se status and the absence of a prior opportunity to amend after being advised of deficiencies in the pleading, the Court concludes plaintiff should also have the opportunity to amend his retaliation claim. Plaintiff is advised that, in order to state a claim of retaliation, he must plead factual content supporting an allegation Tambe transferred him or took other adverse action because of plaintiff's protected conduct and that the adverse action chilled plaintiff's exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal.

CONCLUSION

The Court recommends defendant's renewed motion to dismiss with prejudice and without leave to amend (Dkt. 35) be GRANTED in part and DENIED in part. Plaintiff fails to state a claim of medical deliberate indifference through an attempt to administer antibiotics to which plaintiff is allergic and this claim should be DISMISSED with prejudice. Any remaining claims of medical deliberate indifference and any claim of retaliation should be DISMISSED without prejudice and with leave to amend. A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 6, 2019**.

/ / /

REPORT AND RECOMMENDATION
PAGE - 10

DATED this 15th day of August, 2019.


Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 11